◼ JACQUELINE GORDON, Formerly Known as 'JACQUELINE JANOVER, Appellant-Respondent, v PETER JANOVER, Respondent-Appellant.—In a matrimonial action, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Wood, J.), entered January 31, 1985, which upon the motion of the defendant husband, held her to be in civil contempt for failing to obey two orders of the same court, dated October 29, 1982 and December 9, 1982, respectively, which directed her to continue the child's treatment by a certain psychologist, and imposed a $250 fine for such contempt, and (2) as limited by her brief, from so much of an order of the same court, dated April 15, 1985, as (a) held her in contempt for her failure to comply with certain visitation provisions contained in the parties' judgment of divorce and imposed a fine of $250 for such contempt, and (b) ordered her to pay the defendant's attorney's fees in the sum of $10,000; and the defendant husband cross-appeals from so much of the order dated April 15, 1985, as reduced his midweek visitation rights with his daughter.

Cross appeal from the order dated April 15, 1985, dismissed, for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d], [f]).

Order entered January 31, 1985, affirmed.

Order dated April 15, 1985, modified, by deleting the thirteenth decretal paragraph thereof. As so modified, order dated April 15, 1985, affirmed insofar as appealed from by the plaintiff and matter remitted to the Supreme Court, Westchester County, to fix an appropriate award of attorney's fees in accordance herewith.

The defendant is awarded one bill of costs.

Judiciary Law § 773 grants a court the power to hold a party in civil contempt for failing to obey a lawful mandate of the court. This mandate must be clearly expressed and it must appear with reasonable certainty that it has been violated (see, Ketchum v Edwards, 153 NY 534). The act of disobedience need not be deliberate; "the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (Great Neck Pennysaver v Central Nassau Pub., 65 AD2d 616, 616-617; see, Yalkowsky v Yalkowsky, 93 AD2d 834, 835).

Here, the court did not abuse its discretion in holding the plaintiff in contempt for failing to abide by the visitation provisions of the couple's separation agreement which was incorporated into their judgment of divorce. The plaintiff's disobedience frustrated and impeded the defendant's right to be with his child, a right which has been deemed to be " 'far more precious * * * than property rights' " (Entwistle v Entwistle, 61 AD2d 380, 384, quoting from May v Anderson, 345 US 528, 533). The court also properly held the plaintiff in contempt for failing to abide by two orders of the same court, dated October 29, 1982, and December 9, 1982, respectively, which directed her to continue the child's treatment by a certain psychologist.

However, the court improperly awarded attorney's fees of $10,000 to the defendant husband pursuant to Domestic Relations Law § 238. That section is applicable to proceedings to compel the payment of moneys under a divorce judgment or separation agreement (see, Fabrikant v Fabrikant, 19 NY2d 154), and is not applicable to a proceeding such as the one at bar.

The court may, in an action to punish for civil contempt, where, as here, no actual damage has been demonstrated, impose upon the offending party the other party's reasonable costs and expenses, including attorney's fees (see, Judiciary Law § 773; Hardwood Dimension & Mouldings v Consolidated Edison Co., 77 AD2d 644). Accordingly, we remit this case to

the Supreme Court, Westchester County, for further proceedings to determine, upon an evidentiary showing by the defendant husband, the reasonable costs and fees which were incurred in the contempt proceedings. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.