■ PETER GLENNON et al., Respondents, v ANTHONY S. MAYO et al., Appellants.—In an action, *inter alia,* to establish an easement by prescription and to permanently enjoin the defendants from interfering with plaintiffs' use of a private roadway which runs across the defendants' property, the defendants appeal, as limited by their brief, from (1) an order of the Supreme Court, Suffolk County (Jones, J.), entered March 14, 1988, which granted the plaintiffs' motion for a preliminary injunction preventing them from obstructing passage over the roadway, and (2) so much of an order and judgment (one paper) of the same court, entered April 12, 1988, as granted the plaintiffs' motion for summary judgment and (a) declared that the plaintiffs have an easement over the entire roadway, (b) enjoined the defendants from interfering with the plaintiffs' right-of-way over the roadway, (c) mandatorily enjoined the defendants to remove any obstructions on the roadway, and (d) granted the defendants leave to construct and maintain at their sole expense, below ground only, water, electrical and cablevision services on certain conditions.

Ordered that the order and judgment (one paper) entered on April 12, 1988 is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion for summary judgment is denied; and it is further,

Ordered that the order entered March 14, 1988 is affirmed, without costs or disbursements.

It is well established that summary judgment will only be awarded if there are no material and triable issues of fact *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). "[I]ssue-finding, as opposed to issue-determination [is] the key" to summary judgment *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261), and the papers are carefully scrutinized in the light most favorable to the party opposing the motion *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976).

A review of the record herein reveals that there are numerous issues of fact which can only be resolved after trial. However, the plaintiffs made a sufficient showing of their entitlement to a preliminary injunction *(see, Albini v Solork Assocs.,* 37 AD2d 835). Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.

■ RAZHEL HA-SIDI, an Infant, by His Mother and Natural