■ ROSENMAN COLIN FREUND LEWIS & COHEN, Respondent, v ALEXANDER EDELMAN et al., Appellants.—Order and amended order, Supreme Court, New York County (William J. Davis, J.), entered on or about January 12, 1990 and on or about February 1, 1990, respectively, which, *inter alia,* held defendants in contempt of court for failure to appear for depositions in supplementary proceedings, unanimously affirmed, with costs and disbursements.

Plaintiff served subpoenas and subpoenas duces tecum upon defendants by service on defendant Edelman, individually and as general partner or sole proprietor of the remaining defendants, by delivery to the office manager at Edelman's place of business, and by mail at his last known residence. The subpoenas were also served upon Edelman at his residence by leaving them with the building's concierge/doorman. Defendants' counsel, Zane and Rudofsky, having been advised of the depositions, informed plaintiff that defendants were considering retaining Charles Sutton, Esq., to represent them in this matter. Sutton requested adjournments which were granted, the last to October 24, 1989 at 10:00 A.M. subject to counsel being free. Sutton never responded to plaintiff's request that he advise plaintiff in writing as to his representation of defendants. Defendants did not appear on October 24, 1989 at 10:00 A.M. Later that morning, Sutton's secretary telephoned plaintiff's office to request a further adjournment as counsel was on trial. By letter dated October 24, 1989, plaintiff informed Sutton that unless it received an affirmation that counsel had been retained and would make defendants available for depositions within the next five business days, plaintiff would make an appropriate application to the court. The parties disagree as to whether a telephone conversation took place on October 25, 1989, but no affirmation was ever received. Approximately two weeks later Sutton telephoned

plaintiff's office stating he would arrange deposition schedules and plaintiff again demanded a letter advising that defendants had retained Sutton as counsel and providing a schedule for the depositions. None was received.

Plaintiff thereafter moved for contempt for failure to appear at the depositions on October 24, serving Zane and Rudofsky, as the attorneys of record. At oral argument on December 19, 1989, the court gave the defendants an opportunity to cure by asking Sutton, as counsel for defendants, to agree on a date for depositions but he declined to do so. The court granted the motion, holding defendants in contempt for violating the respective subpoenas. The original order citing defendants for contempt was subsequently amended after notice to defendants by the court.

Contrary to defendants' assertions, the contempt orders were properly issued pursuant to Judiciary Law § 753 (A) (5) based upon defendants' refusal to obey the subpoenas. Plaintiff demonstrated with reasonable certainty that the subpoenas were disobeyed, that counsel never answered plaintiff's request for confirmation of representations in writing, and would not agree to a date certain for deposition even during oral argument (see, Matter of McCormick v Axelrod, 59 NY2d 574, 583). The amended order properly concludes that defendants' conduct was calculated to and did impair plaintiff's rights and remedies (Seril v Belnord Tenants Assn., 139 AD2d 401, 402). We reject defendants' arguments that the fine levied against each of the defendants in the amount of $250 was illegal (see, Judiciary Law § 773). On the record we find no merit to the contention that the sanctions on counsel were improper as without notice (Uniform Rules for Trial Cts, 22 NYCRR 130-1.1 [c] [2]), and conclude that the award of counsel fees herein was wholly justified and proper (Judiciary Law § 773; Gordon v Janover, 121 AD2d 599, 600). The service of the subpoenas and the order to show cause on Edelman's concierge/doorman was valid (CPLR 308 [2]; duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797-798). Any factual issues in relation to the service of the papers were resolved on the papers submitted, thus obviating the necessity for any hearing (Quantum Heating Servs. v Austern, 100 AD2d 843, 844). Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.