■ PETER GLENNON et al., Respondents-Appellants, v ANTHONY S. MAYO et al., Appellants-Respondents.—In an action pursuant to RPAPL article 15 to establish an easement by prescription and to enjoin the defendants from interfering with the plaintiffs' use of a private roadway which runs across the defendants' property, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered October 30, 1989, as directed them to keep certain electronically-operated gates open at all times, unless otherwise agreed to by the parties, and (2) so much of an order of the same court, entered January 9, 1990, as, upon reargument, adhered to the original determination and directed the defendants to remove one of the three speed bumps located in the roadway, and the plaintiffs cross-appeal from so much of the order entered October 30, 1989, as denied their motion to hold the defendants in contempt of court. The cross appeal from the order entered October 30, 1989, brings up for review so much of the order entered January 9, 1990, as, upon reargument, adhered to the original determination which denied the plaintiff's motion to hold the defendants in contempt of court *(see,* CPLR 5517 [b]).

Ordered that the appeal and cross appeal from the order entered October 30, 1989, are dismissed, as that order was superseded by the order entered January 9, 1990, made upon reargument; and it is further,

Ordered that the order entered January 9, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 9, 1990, is reversed insofar as reviewed upon the cross appeal, on the law, the portion of the order entered October 30, 1989, which denied that branch of the plaintiffs' motion which was to hold the defendants in civil contempt is vacated, that branch of the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

In prior litigation between these parties, this court held, *inter alia,* that the plaintiffs were entitled to a preliminary injunction enjoining the defendants from placing any obstructions in the subject roadway *(see, Glennon v Mayo,* 148 AD2d 580).* Since the defendants have failed to demonstrate that this injunctive relief is no longer warranted, the Supreme Court properly held that the electronically operated gates installed by the defendants be kept open at all times and that one of three speed bumps be removed.

However, the Supreme Court erred in denying that branch of the plaintiff's motion which sought to punish the defendants for civil contempt. The record unequivocally demonstrates that the defendants, with knowledge of the order granting the plaintiffs' motion for a preliminary injunction, violated that preliminary injunction by placing various obstructions in the roadway, thereby impeding the rights of the plaintiffs *(see, Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835; *Gordon v Janover,* 121 AD2d 599).

In an action to punish for civil contempt, where, as here, no actual damages have been demonstrated, the court may impose upon the offending party the other party's reasonable costs and expenses, including attorney's fees *(see,* Judiciary Law § 773; *Gordon v Janover, supra,* at 600). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings to determine, upon an evidentiary showing by the plaintiffs, the reasonable costs and fees which were incurred in the contempt proceedings. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.