OPINION OF THE COURT
David Demarest, J.
Plaintiffs seek a permanent injunction directing the defendant to remove a "speed bump” which she had constructed across a right-of-way used by all parties and to restrain her from interfering with their free and unencumbered use of the right-of-way.
*937 A nonjury trial was convened on October 18, 1994. The testimony of both plaintiffs and the defendant was presented. Counsel for the parties were given an opportunity to provide written summations and memoranda of law.
FINDINGS OF FACT
1. Plaintiffs and defendant are the owners of adjacent parcels of realty located in the Town of Oswegatchie, St. Lawrence County, New York, having frontage on the St. Lawrence River.
2. Access from State Route 37 is provided by a deeded easement common to both parcels of land.
3. In order for the plaintiffs (and other property owners located west of plaintiffs) to gain access to their property they must cross defendant’s property over the common easement.
4. For many years this easement was merely an unimproved path or right-of-way used primarily during the summer season from Memorial Day to Labor Day.
5. During the time that the parties have owned their respective parcels the easement has been improved by the placing of gravel, grading and repair of inevitable potholes. These repairs were made either by individual landowners, or through their pooled resources.
6. There have never been any gates or wires erected that would impede the free and full use of the right-of-way by the landowners or their tenants or guests.
7. In October of 1992, defendant, and her neighbor to the east, had the right-of-way on their respective properties paved with asphalt.
8. In addition to paving, two "speed bumps” were constructed in the right-of-way.
9. There is only one "speed bump” located on defendant’s land and no relief can be granted as to the other "speed bump” since that landowner is not a party to this action.
10. The "speed bump” was purposely erected by the defendant in an attempt to control the speed of vehicles.
11. In addition to the bumps, defendant has erected signs stating: "Slow — speed bump.”
12. The undisputed testimony of plaintiff Robert E. Wilson is that the "speed bump” on defendant’s property is some 2 Vi inches in height and that the other "speed bump” is some 2 inches in height.
*938 DISCUSSION
It is obvious to this court that when Ms. Palmer constructed her "speed bump” it had the immediate effect of lowering the speed of vehicles, but raising the ire of the Wilsons. The fact that this lawsuit was instituted, pursued and ultimately tried gives rise to suspicion that there is more than a philosophical disagreement about the efficacy of "speed bumps” which divides these summer neighbors. The courts are not well equipped to settle minor differences which inevitably arise between folks who find themselves living in close proximity. Unfortunately, it is only when one neighbor does something, for whatever reason, that so irritates the other, that simple disputes must ultimately be the subject of expensive and time-consuming litigation. Although litigants can, and often do, reach some compromise, there can be no middle ground for the court. One person is usually found to have a legal basis for his or her actions and is vindicated in the eyes of the law. The "victor” will then return to take up residence beside the "loser” and any hope of restoring tranquility to the neighborhood will be severely diminished.
In this case there are no real factual issues. The sole legal issue to be decided is whether or not a person may lawfully construct a "speed bump” within a right-of-way over his or her land. After a review of relevant precedent this court concludes that one may, provided the "speed bump” is "reasonable”.
It is a general rule in New York jurisprudence that one may not make substantial alterations to a right-of-way if it interferes with another’s right to use the easement. (2 Warren’s Weed, New York Real Property, Easements, § 22:09 [4th ed].) An owner of the dominant estate may, however, repair, maintain or improve the easement so long as it does not cause an undue burden on those legally entitled to use it for the particular purposes for which it was created. (Missionary Socy. of Salesian Congregation v Evrotas, 256 NY 86 [1931].) Thus, it is clear defendant cannot erect a barrier which would completely prevent plaintiffs from driving their vehicles across her property. This has not been done; the undisputed testimony is that the right-of-way is still passable and serving the purpose of allowing access to the parcels to the west.
It cannot be said that the law prohibits any alteration to an easement. However, such alterations must permit the holder of the easement to continue the reasonable use and enjoyment *939 of the way. What is "reasonable use and enjoyment” must be determined in light of all the surrounding circumstances. (Joss v Niagara Mohawk Power Corp., 41 AD2d 596 [4th Dept 1973].)
It has been held to be a reasonable burden on a footpath easement to construct and maintain a locked gate to prevent trespassing (Messer v Leveson, 23 AD2d 834 [1st Dept 1965]); to maintain an unlocked gate on a 10-foot-wide path (Meyerson v Mele, 33 Misc 2d 972 [Sup Ct, Bronx County 1962]); and, to maintain an unlocked gate on a right-of-way limited for use in emergencies (Willow Tex v Dimacopoulos, 109 AD2d 740 [2d Dept 1985]).
There is but one case reported in New York concerning the placement of "speed bumps” in an easement, but it is of little help in analyzing the situation here since the factors upon which Supreme Court relied in permitting an electronically operated gate and two of three "speed bumps” are not revealed. (Glennon v Mayo, 174 AD2d 600 [2d Dept 1991].)
Other jurisdictions have been called upon to assess the reasonableness of "speed bumps.” Judge Langenbach of the Connecticut Superior Court, Judicial District of Hartford/New Britain, after personally inspecting the offending bump, stated: "The court concludes that the 'speed bump’ constitutes an inconvenience to those using the easement. However, this inconvenience must be weighed against defendants’ need to slow traffic on a narrow unpaved roadway in a relatively congested area. The 'bump’ is not of a size which is likely to damage vehicles which are operated at a reasonable speed in light of all prevailing circumstances. Therefore, plaintiffs have failed to prove that they will be irreparably harmed unless this obstruction is removed.” (Marsan v Pipeling, 1993 WL 88389, 1 [Conn Super Ct, Mar. 8,1993].)
An Oregon court, finding that "speed bumps” limited to a height of seven inches were a reasonable means of controlling speed, denied an injunction. (Marsh v Pullen, 50 Ore App 405, 623 P2d 1078 [1981].) On the other hand, after hearing the testimony of witnesses and reviewing exhibits, a Missouri trial court concluded the placement of "speed bumps” unnecessarily or unreasonably interfered with use of a road, a decision which the appellate court found to be supported by substantial evidence. (Beiser v Hensic, 655 SW2d 660 [Mo Ct App, ED 1983].)
This court is also aware of two Florida decisions that *940 directed the removal of "speed bumps”, but both are based upon Florida law which prohibits any encroachment which is willful and intentional. It was, therefore, error for the trial courts to have attempted to "balance the equities.” (Monell v Golfview Rd. Assn., 359 So 2d 2 [Fla Dist Ct App, 4th Dist 1978]; Normandy B. Condominium Assn. v Normandy C. Condominium Assn., 541 So 2d 1263 [Fla Dist Ct App, 4th Dist 1989].)
CONCLUSIONS OF LAW
1. Defendant, as the owner of the dominant estate, had the right to improve it by paving and to place "speed bumps” in the right-of-way in order to control the speed of vehicles.
2. Assessing the proof in light of all the surrounding circumstances, the "speed bump” constructed by the defendant was reasonable in height and width and did not unnecessarily or unreasonably interfere with the intended use of the easement by the plaintiffs.
3. Plaintiffs have failed to prove by a preponderance of the evidence that the relief requested should be granted.
4. A verdict of "no cause for action” should be entered.