■ AUDREY MANES, Respondent, v MORTON MANES et al., Defendants. RUTH M. POLLACK, Nonparty Appellant. [669 NYS2d 900] —In an action, *inter alia,* to rescind a separation agreement, the appeal is from an order of the Supreme Court, Nassau County (Kohn, J.), dated November 22, 1996, which, after a hearing, held Ruth M. Pollack in contempt of an order of the same court, dated May 7, 1996, and imposed a fine of $6,999.

Ordered that the order is affirmed, without costs or disbursements.

Notwithstanding the fact that the order dated May 7, 1996, was erroneous (*see, Manes v Manes,* 248 AD2d 515 [decided herewith]), the Supreme Court properly held Ruth M. Pollack in contempt for her initial refusal to comply with that order. A court may punish for civil contempt any disobedience to a lawful judicial order expressing an unequivocal mandate, no matter how erroneous (*see, Matter of Balter v Regan,* 63 NY2d 630, 631, *cert denied* 469 US 934; *Matter of Village of St. Johnsville v Triumpho,* 220 AD2d 847, 848), whenever the rights or remedies of a party to a civil action may be defeated, impaired, impeded or prejudiced (*see,* Judiciary Law § 753 [A] [3]; *Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 239-240; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583). Here, it is not disputed that the appellant initially disobeyed the order dated May 7, 1996. Further, the refusal of Ruth Pollack to comply with that order impeded the plaintiff's ability to proceed with the underlying litigation.

Because there was no evidence of actual loss or injury to the plaintiff, the court properly imposed a fine equal to the amount of her costs and expenses, including attorney's fees (*see*, Judiciary Law § 773; *Glennon v Mayo*, 174 AD2d 600; *Gordon v Janover*, 121 AD2d 599).

The remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.