OPINION OF THE COURT
John G. Connor, J.
Defendant was one of 70 people who petitioned the Town of Plattekill (hereinafter referred to as the Town) to examine certain violations of the Town’s zoning laws pertaining to building violations by businesses operating within the Town, including plaintiffs’ business. After trial by the court, the court found that defendant had a First Amendment right to express his grievance before the Town Board and government officials.
After hearing proof on behalf of the plaintiffs, the court found as a matter of law and fact that plaintiffs’ action was without merit. Plaintiffs have failed to prove that defendant’s statements complaining about the possible violations of the Town building codes by plaintiffs were in fact false. To the contrary, the Town Board had investigated the possible code violations and found plaintiffs were in violation. At no time had plaintiffs proven any malice or fraudulent intent on the part of the defendant. Defendant’s belief that plaintiffs may be in violation of a zoning code is not slanderous per se.
Defense counsel contends that plaintiffs’ act of commencing suit for $5,000,000 against defendant by serving defendant at a public meeting was aimed at discouraging defendant, as well as others, from seeking enforcement of the Town’s zoning laws.
Defendant seeks an award of attorneys’ fees and sanctions under 42 USC § 1988. The rationale in awarding attorneys’ *114 fees under 42 USC § 1988 is similar to awarding sanctions and fees to a defendant against whom a frivolous action was commenced. (See, Eastway Constr. Corp. v City of New York, 637 F Supp 558, 563-565 [ED NY 1986].) Section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR) provides that the court may award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys’ fees resulting from the frivolous conduct as defined in 22 NYCRR part 130. Conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.” (22 NYCRR 130-1.1 [c]; see also, CPLR 8303-a.)
The court has inherent power to impose sanctions for unethical, frivolous or vexatious litigation practices, including advancing a meritless claim for defamation. (See, 22 NYCRR part 130; CPLR 8303-a; Patane v Griffin, 164 AD2d 192 [3d Dept 1990], Iv denied 77 NY2d 810 [1991]; Rosenman Colin Freund Lewis & Cohen v Edelman, 165 AD2d 533 [1st Dept 1991].)
Plaintiffs’ attorney argues that the dismissal of defendant’s counterclaim for. a SLAPP (Strategic Lawsuit Against Public Participation) suit by the State Supreme Court prior to trial is tantamount to a finding that plaintiffs’ cause of action for defamation has merit. Plaintiffs further contend that the imposition of sanctions against plaintiffs is, therefore, barred by the doctrine of law of the case. The court finds, however, that the dismissal of one of defendant’s counterclaims does not instill life or vitality into plaintiffs’ cause of action for defamation. To find otherwise would defy logic and reason.
The public’s First Amendment right to protest perceived injustices must be shielded from the threat occasioned by the filing of vexatious claims against the protesters. Plaintiffs’ privilege and right to pursue legitimate litigation is not a license to manipulate the system to punish persons by bringing frivolous claims. The court will not allow plaintiffs to trod upon defendant’s constitutional right to report code violations to the Town Board by commencing the instant action which is, at best, specious. Plaintiffs’ action is completely without merit in law and cannot be supported by a reasonable argument for an *115 extension, modification or reversal of existing law, and was commenced primarily to intimidate defendant and others from reporting zoning violations to their government officials, and to harass or maliciously injure defendant.
Accordingly, plaintiffs’ complaint is dismissed in its entirety and the court hereby awards costs and sanctions against plaintiffs in the amount of $5,342.26, and defendant shall have judgment therefore. Defendant’s counsel testified that she and her associates spent approximately 91 hours of attorney time in preparation and presentation of a defense to plaintiffs’ frivolous action. Defense counsel testified that her regular hourly rate of compensation is $150 per hour and her associates are paid at an hourly rate of $125 per hour. Furthermore, defense counsel incurred disbursements in the amount of $342.26. Since defense counsel was retained through Mid-Hudson Legal Services the defendant was only responsible to reimburse defense counsel for her out-of-pocket expenses. The court has, in the exercise of its discretion, taken into account the nature of the services rendered by defense counsel, the fair and reasonable value of said services, the manner in which defense counsel was retained and the amount of money expended by defendant to date in connection with the defense of this matter.