■ ALFRED J. MAREK et al., Appellants, v JACK WOODCOCK, Defendant, and RUDOLPH S. RAKVICA et al., Respondents. [716 NYS2d 812] —Peters, J. Appeal from an order of the County Court

of Fulton County (Lomanto, J.), entered September 28, 1999, which granted a motion by defendants Rudolph S. Rakvica and Janet A. Rakvica to hold plaintiffs in contempt of court.

In 1986, plaintiffs acquired title by warranty deed to a certain parcel of property in the Town of Mayfield, Fulton County. Defendant Jack Woodcock owns various parcels which are in the general vicinity or adjoining the real property owned by plaintiffs, while defendants Rudolph S. Rakvica and Janet A. Rakvica are owners of property adjoining plaintiffs. This action was commenced in 1989 for a determination of claims to such properties, including trespass and ejectment. The cause of action against the Rakvicas[1] was settled by oral stipulation placed on the record on October 18, 1995. Ultimately, on May 14, 1997, an order granting the conveyance of an easement for the purpose of ingress and egress over a specified portion of plaintiffs' property was entered.

The Rakvicas thereafter moved to hold plaintiffs in contempt of court. They alleged that plaintiffs violated the terms of the order by interfering with their right-of-way by their placement of vehicles across the access, the deposit of debris thereupon and the alteration of the surface from a grassy strip to muddy subsoil. County Court found a willful violation and ordered plaintiffs to restore the area. This appeal ensued.

It is well settled that an easement is a "right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449). Moreover, "a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired" (*id.*, at 449). Hence, the right becomes that which "is reasonably necessary and convenient for the purpose for which it was created" (*Grafton v Moir*, 130 NY 465, 471). It is reasoned that by affording a landowner this unilateral but limited right to alter a right-of-way, the landowner's right to use the property and the easement holder's right of ingress and egress is balanced (*see, Lewis v Young, supra*, at 450; *Paine v Chandler*, 134 NY 385, 391).

Despite the finding by County Court of malice, plaintiffs' intent holds no importance unless such acts interfered with the Rakvicas' legal right of access (*see, Paine v Chandler, supra*, at 390). Therefore, in reviewing the alterations made and whether such alterations "permit the holder[s] of the easement to continue the reasonable use and enjoyment of the way"

1. Woodcock defaulted.

(*Wilson v Palmer*, 163 Misc 2d 936, 938-939, *affd* 229 AD2d 647) with the convenience to which they have become accustomed (*see, Grafton v Moir, supra,* at 471-472), the requisite analysis must take into account "all the surrounding circumstances" (*Wilson v Palmer, supra,* at 939).

The record reflects that plaintiffs admit[2] to having removed the top layer of the subject right-of-way for the purpose of making it more useable for heavy equipment. However, with no proof presented to support such intent, the record more accurately reflects, through the affidavit of Rudolph Rakvica and the photographs depicting the change, that such alteration was made solely for the purpose of making access more difficult (*see, Cunningham v Fitzgerald,* 138 NY 165). As it substantially interfered with the Rakvicas' reasonable use and enjoyment of the right-of-way in light of the convenience to which they had become accustomed, we find no basis upon which we would disturb the determination rendered.

Cardona, P. J., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. The parties agree that the vehicles obstructing the ingress and egress were removed as was the debris deposited thereon. Accordingly, the only remaining issue was the change in the surface of the right-of-way.