Appeal by the plaintiff from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated June 9, 2015. The order granted that branch of the defendant’s motion which was to hold the plaintiff in contempt for failing to pay the full amount of child support required under pendente lite orders dated July 26, 2012, and January 29, 2013, respectively.
 

 Ordered that the order dated June 9, 2015, is affirmed, with costs.
 

 Contrary to the plaintiff’s contention, the applicable standards in this case were those of civil, not criminal, contempt, as the Supreme Court gave the plaintiff the opportunity to purge his contempt and thereby avoid incarceration by paying his child support arrears in full (see Matter of Rubackin v Rubackin, 62 AD3d 11, 16 [2009]; New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, 35 AD3d 73, 86 [2006]). The defendant established by clear and convincing evidence that there was “an unequivocal mandate” that the plaintiff pay the sum of $1,400 per month in pendente lite child support, that the plaintiff had knowledge of that mandate, that the plaintiff disobeyed that mandate, and that this disobedience prejudiced the defendant (El-Dehdan v El-Dehdan, 114 AD3d 4, 16 [2013], affd 26 NY3d 19 [2015]; see Matter of Hughes v Kameneva, 96 AD3d 845, 846 [2012]). The defendant was not required to show that she had exhausted other enforcement remedies before moving to hold the plaintiff in contempt (see L 2016, ch 365, §§ 1, 2; Cassarino v Cassarino, 149 AD3d 689, 691 [2017]). The burden then shifted to the plaintiff either to refute the defendant’s showing or to establish a defense (see El-Dehdan v El-Dehdan, 114 AD3d at 17). The plaintiff failed to raise a factual dispute as to the amount of the arrears, and thus, contrary to his argument, no hearing was required on this issue (see id. at 18). A hearing was not required on the plaintiff’s defense that he could not afford to pay $1,400 per month in child support. The facts underpinning this defense were addressed at a trial before a special referee, and the court was not required to hold a new hearing on this issue (see CPLR 4403). Accordingly, the court providently exercised its discretion in finding the plaintiff in civil contempt without holding a new hearing on that branch of the defendant’s motion (see El-Dehdan v El-Dehdan, 114 AD3d at 16-17; Matter of Hughes v Kameneva, 96 AD3d at 846).
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.