Karantinidis v Karantinidis (2020 NY Slip Op 05039)





Karantinidis v Karantinidis


2020 NY Slip Op 05039


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-09508 
2017-09541
 (Index No. 21227/13)

[*1]Vaia Delidimitropulu Karantinidis, respondent,
v
Michael Karantinidis, appellant.


Sipsas, P.C., Astoria, NY (Ioannis [John] P. Sipsas of counsel), for appellant.
The Andersen Firm, P.C., New York, NY (Searles, Sheppard & Gornitsky, PLLC [Joshua I. Gornitsky and Sean P. Sheppard], of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (William A. Viscovich, J.), dated January 8, 2016, and (2) an order of the same court dated June 28, 2017. The order dated January 8, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for an order directing the defendant to reimburse her for 50% of all carrying charges paid by her on marital real estate since the commencement of the action and for the cost of health, automobile, and homeowner's insurance for herself, and directing the defendant not to discuss, demean, or disparage the plaintiff to any third parties, including but not limited to the plaintiff's patients. The order dated June 28, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were to hold the defendant in contempt of the order dated January 8, 2016, and to permit him to purge his contempt by paying the plaintiff the amount of $48,085.48 within 30 days.
ORDERED that the order dated January 8, 2016, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an order directing the defendant not to discuss, demean, or disparage the plaintiff to any third parties, including but not limited to the plaintiff's patients, and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant not to discuss, demean, or disparage the plaintiff to her patients, and otherwise denying that branch of the motion; as so modified, the order dated January 8, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated June 28, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for an order directing him to reimburse her for 50% of all carrying charges paid by her on marital real estate since the commencement of the action and for the cost of health, automobile, and homeowner's insurance for herself. The plaintiff submitted sufficient evidence of the requested expenses, including an itemized [*2]list, invoices, and checks.
The defendant correctly contends that the portion of the order granting that branch of the plaintiff's motion which was for an order directing the defendant not to discuss, demean, or disparage the plaintiff to any third parties, including but not limited to the plaintiff's patients, was an unconstitutional prior restraint on speech. A prior restraint on speech is a law, regulation or judicial order that suppresses speech on the basis of the speech's content and in advance of its actual expression (see Porco Lifetime Entertainment Servs., LLC, 116 AD3d 1264). Any imposition of prior restraint, whatever the form, bears a "heavy presumption against its constitutional validity, and a party seeking to obtain such a restraint bears a correspondingly heavy burden of demonstrating justification for its imposition" (Ash v Board of Mgrs. of 155 Condominium, 44 AD3d 324, 325 [internal quotation marks and citations omitted]). An injunctive order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted by constitutional mandate and the essential needs of the public order (see Carroll v President and Comm'rs of Princess Anne, 393 US 175, 183). The order must be tailored as precisely as possible to the exact needs of the case (see id. at 184). Here, the Supreme Court's prior restraint on speech was overbroad, and not tailored as precisely as possible to the exact needs of this case. The plaintiff, a psychologist, was concerned about damage to her professional reputation due to the defendant's allegedly demeaning statements to her patients. The court's objective can be achieved by modifying the order to provide only that the defendant shall not discuss, demean, or disparage the plaintiff to her patients (see Matter of Adams v Tersillo, 245 AD2d 446).
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were to hold the defendant in contempt of the order dated January 8, 2016, and to permit him to purge his contempt by paying the plaintiff the amount of $48,085.48 within 30 days. The plaintiff established by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the defendant had knowledge of the terms of the order and disobeyed it, and that she was prejudiced by the offending conduct (see Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 536; El-Dehdan v El-Dehdan, 114 AD3d 4, 16, affd 26 NY3d 19). The defendant did not raise a factual dispute as to the amount owed pursuant to the terms of the order dated January 8, 2016, and was therefore not entitled to a hearing before being held in contempt (see Avraham v Avraham, 155 AD3d 931). The plaintiff was entitled to counsel fees due to the defendant's contempt (see Glennon v Mayo, 174 AD2d 600; Gordon v Janover, 121 AD2d 599).
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court