■ In the Matter of NEW YORK TIMES COMPANY et al., Petitioners, v HAROLD J. ROTHWAX, Respondent.—Petition, brought pursuant to CPLR article 78 to prohibit enforcement of an order of the Supreme Court, New York County (Harold J. Rothwax, J.), issued October 6, 1988, which directed that counsel and their employees in a pending criminal action refrain from discussing the case with the news media, except as to certain scheduling matters, is unanimously granted, and the order vacated, without costs.

In this original CPLR article 78 proceeding, petitioner news media entities seek review of a gag order imposed by respondent Justice in the highly publicized trial entitled *People v Joel Steinberg* (indictment No. 2179/88), which order provides as follows: "No attorneys are *[sic]* employees in any office representing either the District Attorney or the defense attorney shall, during the pendency of this indictment, in any way discuss this case or any subject aspect thereof, or decision relating thereto with the press or media hence forth *[sic]* * * *. [T]hey can discuss what witnesses are going to be called next and what the schedule of the proceedings is to be."

While we are cognizant that a trial court bears a heavy responsibility to insure that prejudicial pretrial publicity not impair a defendant's Sixth Amendment right to a fair trial *(see, Sheppard v Maxwell,* 384 US 333) a careful review of the record before us fails to disclose adequate factual findings or basis upon which to conclude that the defendant here is so threatened. Absent this requisite showing of necessity for prior restraints, respondent's imposition of a gag order upon the attorneys and other participants in the trial is constitutionally impermissible. *(Matter of National Broadcasting Co. v Cooperman,* 116 AD2d 287, 293.)

The *sua sponte* gag order, which the defendant joins peti-

tioners in opposing, and upon which the District Attorney takes no position whatsoever, suffers from the further constitutional infirmity of being overbroad, for "assuming that the respondent had properly concluded that prior restraint upon the extrajudicial statements of attorneys was necessary, the prior restraint should have been limited solely to information or statements which might be likely to impugn the fairness and integrity of the trial". *(Matter of National Broadcasting Co. v Cooperman, supra,* at 294.) In this context, we note the applicability of Code of Professional Responsibility DR 7-107 (D), which states, in pertinent part, that: "During the selection of a jury or the trial of a criminal matter, a lawyer or law firm associated with the prosecution or defense of a criminal matter shall not make or participate in making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication and that relates to the trial, parties, or issues in the trial or other matters that are reasonably likely to interfere with a fair trial".

Accordingly, the petition is granted and the order vacated. This ruling is without prejudice to the issuance of a gag order supported by, and tailored to, specific factual findings. Concur—Sandler, J. P., Carro, Milonas, Kassal and Smith, JJ.