■ In the Matter of CAROL S. ADAMS, Appellant, v FRANK TERSILLO, Respondent. [666 NYS2d 203] —In a proceeding pursu-

ant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered November 7, 1996, as prohibited the parties from making derogatory statements concerning each other to any other person.

Ordered that the order is modified, on the law, by deleting from the 18th decretal paragraph thereof the words "Neither party shall directly or indirectly make statements to each other, or any other persons, which are derogatory of the other party" and substituting therefor the words "While in the presence of one or both of their children or those who are in contact with their children, with the exception of the parties' respective lawyers and therapists, neither party shall directly or indirectly make statements which are derogatory of the other"; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

An injunctive order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted by constitutional mandate and the essential needs of the public order (*Carroll v President & Commrs. of Princess Anne,* 393 US 175, 181). The State may not employ "means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved" (*Shelton v Tucker,* 364 US 479, 488). "In other words, the order must be tailored as precisely as possible to the exact needs of the case" (*Carroll v President & Commrs. of Princess Anne, supra,* at 184).

In the instant case, in an attempt to protect the parties' children from the adverse affect of the parents' disparaging remarks about each other, the Family Court restricted the parties from making any derogatory statements about each other to any other person. This prior restraint on speech is overbroad and the court's objective could have been more narrowly achieved. Therefore, the order is modified by prohibiting the parties from making derogatory statements concerning each other in the children's presence or in the presence of those who have contact with the children.

The appellant's remaining contention lacks merit. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.