■ ROSENBERG DIAMOND DEVELOPMENT CORP. et al., Respondents, v HEATHER APPEL et al., Appellants. [735 NYS2d 528] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about July 7, 2000, which, insofar as appealed from as limited by the brief, continued a prior temporary restraining order prohibiting defendants from disseminating any false, slanderous and libelous material in conjunction with previously enjoined acts of vandalism or trespassing at any buildings owned or managed by plaintiffs and at plaintiffs' main offices, unanimously reversed, on the law, without costs, and that part of the restraining order vacated.

Prior restraints on speech are strongly disfavored (*see, Ramos v Madison Sq. Garden Corp.*, 257 AD2d 492). Free speech is protected from censorship "unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest" (*Terminiello v City of Chicago*, 337 US 1, 4, *reh denied*, 337 US 934; *accord, Edwards v South Carolina*, 372 US 229, 237). Prior restraints are not permissible, as here, merely to enjoin the publication of libel (*see, Marlin Firearms Co. v Shields*, 171 NY 384; *Ramos v Madison Sq. Garden, supra*).

With respect to the aspects of the prohibition at bar which enjoin any type of verbal communication or the dissemination of materials in connection with other prohibited acts of vandalism and trespass, plaintiffs have failed to meet the heavy burden imposed upon the party seeking the infringement (*see, Nebraska Press Assn. v Stuart*, 427 US 539, 570). Contrary to plaintiffs' contention, the objectionable speech as set forth in the complaint cannot in any way be considered "part and parcel of a course of conduct deliberately carried on to further a fraudulent or unlawful purpose" (*Trojan Elec. & Mach. Co. v Heusinger*, 162 AD2d 859, 860). Thus, *Trojan* is inapplicable to

the instant facts. Accordingly, the prohibition against defendants disseminating any false, slanderous and libelous material in conjunction with any prohibited acts of vandalism or trespass is vacated. Concur—Nardelli, J.P., Andrias, Saxe, Lerner and Marlow, JJ.