■ BARBARA SAMIDE, Respondent, v ROMAN CATHOLIC DIOCESE OF BROOKLYN et al., Appellants, and JOHN THOMPSON, Respondent. [773 NYS2d 116]—

In an action, inter alia, to recover damages for discrimination based on sex, negligent supervision, and breach of contract, the defendants Roman Catholic Diocese of Brooklyn, Thomas V. Daily, James Spengler, Otto Garcia, Anthony Danile, and St. Elizabeth's Roman Catholic Church, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 30, 2003, as (1), in effect, granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike their answer unless the defendants Thomas V. Daily, James Spengler, Otto Garcia, and Anthony Danile produced certain tax returns and other financial information by

July 3, 2003, (2) directed Thomas V. Daily, James Spengler, and Otto Garcia to produce lists of every parish board in the Roman Catholic Diocese of Brooklyn and "any other boards or organizations" on which they serve, and (3) granted the plaintiff's separate motion pursuant to CPLR 3124 to compel the defendants Thomas V. Daily, James Spengler, Otto Garcia, and Anthony Danile to produce the contents of the hard drives of their computers for in camera inspection.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the motion pursuant to CPLR 3126 which was to strike the defendants' answer unless Thomas V. Daily, James Spengler, Otto Garcia, and Anthony Danile produced certain tax returns and other financial information by July 3, 2003, and substituting therefor a provision granting that branch of the motion to the extent of directing that Thomas V. Daily's defense pursuant to Not-For-Profit Corporation Law § 720-a shall be stricken unless he complies with items numbered 22, 23, 25, 26, and 27 of the plaintiff's "First Request for the Production of Documents" dated November 27, 2002, and (2) deleting the provision thereof directing Thomas V. Daily, James Spengler, and Otto Garcia to produce lists of every parish board in the Roman Catholic Diocese of Brooklyn and "any other boards or organizations" on which they serve, and (3) deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 3124 to compel the defendants Thomas V. Daily, James Spengler, Otto Garcia, and Anthony Danile to produce the contents of the hard drives of their computers for in camera inspection and substituting therefor a provision granting the motion to the extent of directing those defendants to produce hard copies of all their e-mail messages relating to allegations against John Thompson, including any e-mail messages that have been deleted but may be recovered by a qualified expert appointed by the referee supervising disclosure for in camera inspection by the referee and a determination of which e-mails relate to allegations against John Thompson, and otherwise denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the matter is remitted to the Supreme Court, Queens County, for the referee supervising disclosure to conduct further proceedings in accordance herewith, and the defendant Thomas V. Daily's time to comply with items number 22, 23, 25, 26, and 27 of the plaintiff's "First Request for the Production of Documents," dated November 27, 2002, is extended until 20 days after service upon him of a copy of this decision and order.

The order appealed from granted disclosure which well

exceeded that which is permissible pursuant to CPLR article 31. Indeed, on this appeal, the plaintiff acknowledges that portions of the order must be set aside as beyond the scope of the plaintiff's own requests for disclosure.

The plaintiff does not oppose the request to set aside that portion of the Supreme Court's order directing the defendants James Spengler, Otto Garcia, and Anthony Danile to produce certain tax returns and other financial information. In her "First Request for the Production of Documents" dated November 27, 2002 (hereinafter the First Request), the plaintiff only demanded such information with respect to the defendant Thomas V. Daily. Further, the plaintiff failed to establish a "strong showing of necessity" which is necessary to justify the disclosure of tax returns (*Abbene v Griffin*, 208 AD2d 483 [1994]). Disclosure of tax returns is not necessary if the information may be obtained from other sources (*see Corporate Interiors v Pappas*, 293 AD2d 640 [2002]).

The materials demanded in the items numbered 22, 23, 25, 26, and 27 of the First Request are material and necessary to the issue of whether Daily's defense pursuant to Not-For-Profit Corporation Law § 720-a has merit (*see* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407 [1968]). Not-For-Profit Corporation Law § 720-a confers a qualified immunity on uncompensated directors, officers, and trustees of certain not-for-profit corporations. If Daily fails to provide those materials, his defense pursuant to Not-for-Profit Corporation Law § 720-a shall be stricken.

That portion of the order directing Daily, Spengler, and Garcia to produce lists of every parish board in the Roman Catholic Diocese of Brooklyn and "any other boards or organizations" on which they serve was improper since it went beyond the scope of the plaintiff's demands for disclosure and would merely foster a "fishing expedition."

The plaintiff acknowledges that the portion of the order directing the defendants Daily, Spengler, Garcia, and Danile to produce the contents of the hard drives of their computers should be modified. Accordingly, those defendants are directed to produce hard copies of all e-mail messages relating to allegations against John Thompson including any e-mail messages that have been deleted but may be recovered by a qualified expert appointed by the referee supervising disclosure for in camera inspection and a determination of which documents in fact deal with allegations against Thompson, and only those e-mails which meet that criteria shall be turned over to the plaintiff. Such e-mails may be relevant to the question of the

appellants' awareness of Thompson's misfeasance. In accordance with the consent of the plaintiff's attorney at oral argument of this appeal, all costs related to the recovery of the hard drive data shall be borne solely by the plaintiff.

The appellants' contention that the disclosure directed by the Supreme Court violates the First Amendment of the United States Constitution is unpreserved for appellate review. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.