■ ALLAN A. ASH et al., Appellants, v BOARD OF MANAGERS OF THE 155 CONDOMINIUM et al., Respondents, et al., Defendants. [843 NYS2d 218]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about October 25, 2006, which, to the extent appealed from, granted plaintiffs' motion to vacate certain prior orders of the court prohibiting plaintiff Allan A. Ash from contacting any of the litigants involved in this matter during its duration and, instead, prohibited him from "directly" contacting such individuals, and to submit any communications, questions, assertions of opinion, discovery demands, etc., to his counsel, who in turn was to submit such information to counsel for defendants, who was then to present that information to defendants, unanimously reversed, on the law, without costs, and that part of the order vacated. The motion court is directed to set, and enforce, an expedited discovery schedule.

A "prior restraint" on speech is "a law, regulation or judicial order that suppresses speech—or provides for its suppression at the discretion of government officials—on the basis of the speech's content and in advance of its actual expression" (*United States v Quattrone*, 402 F3d 304, 309 [2005]; *see also Hobbs v County of Westchester*, 397 F3d 133, 148 [2005], *cert denied* 546 US 815 [2005]), and it has long been established that such restraints "are the most serious and the least tolerable infringement on First Amendment rights" (*Nebraska Press Assn. v*

*Stuart*, 427 US 539, 559 [1976]; *see also Whitney v California*, 274 US 357, 376 [1927, Brandeis, J., concurring] ["(to) justify suppression of free speech there must be reasonable ground to fear that serious evil will result if free speech is practiced"]). Accordingly, any imposition of prior restraint, whatever the form, bears a "heavy presumption against its constitutional validity" (*Bantam Books, Inc. v Sullivan*, 372 US 58, 70 [1963]; *United States v Quattrone*, 402 F3d at 310), and a party seeking to obtain such a restraint bears a correspondingly heavy burden of demonstrating justification for its imposition (*Organization for a Better Austin v Keefe*, 402 US 415, 419 [1971]; *Near v Minnesota ex rel. Olson*, 283 US 697, 713 [1931]).

It is also incumbent upon a trial court to insure that each of the parties receives a fair trial and, to that end, possesses both the power and responsibility to safeguard their rights (*Matter of National Broadcasting Co. v Cooperman*, 116 AD2d 287, 289-290 [1986], citing *Sheppard v Maxwell*, 384 US 333 [1966]). The trial court, in so doing, must bear in mind the fact that prior restraints upon the rights of free speech and publication "may only be overcome upon a showing of a 'clear and present danger' of a serious threat to the administration of justice" (*Matter of National Broadcasting Co. v Cooperman*, 116 AD2d at 290, quoting *Bridges v California*, 314 US 252, 263 [1941]; *see also Lowinger v Lowinger*, 264 AD2d 763 [1999]; *Matter of New York Times Co. v Rothwax*, 143 AD2d 592 [1988]).

In this matter, on the record before us, we are not convinced, at least at this juncture, that defendants have shouldered their heavy burden and demonstrated that plaintiffs' numerous, unnecessary and vexatious ramblings have compromised defendants' right to a fair trial. Concur—Andrias, J.P., Marlow, Nardelli, Sweeny and McGuire, JJ.