Wunderlich v Liberty Meadows, LLC (2020 NY Slip Op 08111)





Wunderlich v Liberty Meadows, LLC


2020 NY Slip Op 08111


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-04853
 (Index No. 611937/16)

[*1]Alan Wunderlich, appellant, 
v
Liberty Meadows, LLC, et al., respondents, et al., defendants.


The Law Offices of James A. Prestiano, P.C. (Devitt Spellman Barrett, LLP, Smithtown, NY [John M. Denby], of counsel), for appellant.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Kevin A. McGowan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated March 3, 2017. The order, insofar as appealed from, upon denying that branch of the cross motion of the defendants Liberty Meadows, LLC, Demetrius Tsunis, and Enrico Scarda which was pursuant to CPLR 3211(a)(3) to dismiss the causes of action alleging breach of contract and seeking specific performance, in effect, made certain findings of fact and conclusions of law.
ORDERED that the appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TVB, Inc., 76 AD3d 144).
In March 2007, the Howard O. Wunderlich Revocable Living Trust, the Adeline E. Wunderlich Revocable Living Trust, and Adeline E. Wunderlich (hereinafter collectively the Wunderlichs) entered into an agreement to sell a parcel of land to Liberty Meadows, LLC (hereinafter Liberty Meadows), for the purpose of developing a condominium community. To that end, Liberty Meadows executed a mortgage and note promising to pay the Wunderlichs $6 million. Subsequently, a dispute arose regarding interest payments under the note. On April 2, 2010, Liberty Meadows and the Wunderlichs entered into a settlement agreement (hereinafter the 2010 agreement). Demetrius Tsunis and Enrico Scarda, the principals of Liberty Meadows, signed the 2010 agreement in their individual capacities, but only as to paragraphs five and nine. Liberty Meadows agreed to a payment schedule and to the execution of a promissory note which was personally guaranteed by Tsunis and Scarda. Liberty Meadows also agreed to convey a specific condominium unit (hereinafter the Alan unit) to the plaintiff, Alan Wunderlich. A condominium unit purchase agreement for the Alan unit (hereinafter the purchase agreement), also dated April 2, 2010, was signed by Tsunis and Scarda on behalf of Liberty Meadows and by the plaintiff, who was the nominal purchaser, and provided that the closing would take place on or before April 12, 2012. However, the closing never took place.
The plaintiff commenced this action against, among others, Liberty Meadows, Tsunis, [*2]and Scarda (hereinafter collectively the defendants), alleging breach of contract, and seeking, inter alia, specific performance of the purchase agreement. Subsequently, the plaintiff moved, among other things, for a preliminary injunction, and the defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint on the ground that the plaintiff lacked standing to assert the breach of contract cause of action or to seek specific performance. By order dated March 3, 2017, the Supreme Court, among other things, denied that branch of the defendants' cross motion. The plaintiff appeals.
Inasmuch as the Supreme Court denied that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the causes of action alleging breach of contract and seeking specific performance, the plaintiff is not aggrieved by that portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). To the extent that the plaintiff seeks to appeal from that portion of the order that he contends partially granted the defendants' cross motion which was pursuant to CPLR 3211(a)(3) to dismiss those causes of action, solely on the basis that the plaintiff lacks standing as a third-party beneficiary, "'[m]erely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal'" (Cholowsky v Civiletti, 69 AD3d 110, 116, quoting Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781 [internal quotation marks omitted]; see George Tsunis Real Estate, Inc. v Benedict, 116 AD3d 1002, 1003). Moreover, "findings of fact and conclusions of law which do not grant or deny relief are not independently appealable" (Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801; see NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756).
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court