Kassenoff v Kassenoff (2023 NY Slip Op 00850)

Kassenoff v Kassenoff

2023 NY Slip Op 00850

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-06235
 (Index No. 58217/19)

[*1]Allan Kassenoff, respondent,
v
Catherine Kassenoff, appellant.

Catherine Kassenoff, New Rochelle, NY, appellant pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated August 10, 2021. The order, insofar as appealed from, denied the defendant's motion to vacate an order of the same court dated May 25, 2021, prohibiting the defendant from communicating with any employee of the plaintiff's employer about the plaintiff, this action, the facts and circumstances of the parties' marriage prior to the commencement of this action, or the parties' children, and prohibiting both parties from criticizing, denigrating, or disparaging the other on any form of social media.
ORDERED that the order dated August 10, 2021, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate so much of the order dated May 25, 2021, as prohibited the defendant from communicating with any employee of the plaintiff's employer about the parties' children, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated August 10, 2021, is affirmed insofar as appealed from, without costs or disbursements.
On February 24, 2020, the parties to this action for a divorce and ancillary relief, who are the parents of three children, appeared for a conference to discuss, among other things, certain communications between the defendant and the plaintiff's employer. During the conference, the plaintiff's attorney proposed language for an order directing that "neither party shall contact the other party's employer, colleagues at work, anyone associated with their employment for any purposes whatsoever, and . . . they shall not disparage, embarrass, or seek to interfere with that party's employment." The defendant's attorney objected to the proposed language, noting that the plaintiff's employer was also the defendant's former employer, and contended that the restriction upon the defendant from contacting anyone associated with her former employer should be limited to a restriction on discussing "the plaintiff or the matrimonial [action], those issues." Thereafter, on March 9, 2020, the plaintiff's attorney submitted a proposed order to the Supreme Court which included provisions prohibiting the defendant from communicating with any employee of the plaintiff's employer "regarding the Plaintiff, . . . the facts and circumstances of this divorce (in the broadest meaning of the terms), the facts and circumstances of the parties' marriage prior to the filing of this divorce, or the parties' children," and further prohibiting both parties from "criticizing, denigrating or disparaging the other on any form of social media." On May 25, 2021, the court signed the order.
The defendant subsequently moved to vacate the order dated May 25, 2021. In an [*2]order dated August 10, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
The defendant contends that the order dated May 25, 2021, is an unconstitutional prior restraint and content-based restriction on her First Amendment right to free speech. Among the specific objections raised by the defendant are that the restriction placed on the defendant from communicating with her former colleagues at the plaintiff's place of employment about the parties' children is overly broad and would encompass, by way of an example, an invitation to a birthday party for one of the children, and that the restrictions on the parties' social media posts were not supported by any evidence that such restrictions were necessary to protect the best interests of the children.
"A prior restraint on speech is a law, regulation or judicial order that suppresses speech on the basis of the speech's content and in advance of its actual expression" (Karantinidis v Karantinidis, 186 AD3d 1502, 1503). A party seeking to impose such a restraint bears a "heavy burden of demonstrating justification for its imposition" (Ash v Board of Mgrs. of 155 Condominium, 44 AD3d 324, 325). Such a party must demonstrate that the speech sought to be restrained is "'likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest'" (Rosenberg Diamond Dev. Corp. v Appel, 290 AD2d 239, 239, quoting Terminiello v Chicago, 337 US 1, 4). An order imposing a prior restraint on speech "must be tailored as precisely as possible to the exact needs of the case" (Karantinidis v Karantinidis, 186 AD3d at 1503).
Here, we agree with the defendant that the restrictions placed upon her communications with employees of the plaintiff's employer are "not tailored as precisely as possible to the exact needs of this case" (id.). Specifically, the restriction prohibiting the defendant from discussing the children with any employee of the plaintiff's employer, which is a restriction never discussed or negotiated during the court conference that precipitated the settlement of the order dated May 25, 2021, was not necessary to prevent professional reputational harm to the plaintiff or financial or emotional harm to the children. Therefore, we vacate the restriction on the defendant's ability to discuss the children with any employee of the plaintiff's employer.
We reject the defendant's contention that the remaining restrictions on her communications with employees of the plaintiff's employer, and the restrictions on the parties' statements on social media, were constitutionally impermissible. As the Supreme Court determined, under the circumstances, the prior restraint was narrowly tailored to the exact needs of the case (see Brown v Simon, 195 AD3d 806; Matter of Adams v Tersillo, 245 AD2d 446).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court