Matter of Walsh v Russell (2023 NY Slip Op 01522)

Matter of Walsh v Russell

2023 NY Slip Op 01522

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-02838
 (Docket Nos. V-7641-18, O-12635-19)

[*1]In the Matter of Tara Katelyn Walsh, respondent,
v
Stephen Grant Russell, appellant.

Advocate, LLP, New York, NY (Jason A. Advocate of counsel), for appellant.
Christopher S. Weddle, White Plains, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated February 2, 2022. The order, insofar as appealed from, prohibited the father from "posting, uploading blogs, and displaying the likeness of the child . . . regarding these proceedings and disparaging the child's relatives in any and all public forums and/or social media platforms," and directed the father to erase, deactivate, and delete "any existing blogs and likenesses."
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the father to erase, deactivate, and delete "any existing blogs and likenesses," and substituting therefor a provision directing the father to erase, deactivate, and delete any existing blogs which reference these proceedings or disparage the child's relatives, and any likenesses of the child posted in connection with such blogs; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have one child in common. In July 2018, the mother commenced a proceeding seeking sole legal and physical custody of the child. The mother subsequently commenced a family offense proceeding against the father.
In October 2021, the attorney for the child (hereinafter the AFC) moved to prohibit the father from posting, uploading blogs, and displaying the likeness of the child regarding the proceedings, and from disparaging the child's relatives in any and all public or social media forums, and to direct the father to erase, deactivate, and delete all existing postings, blogs, and likenesses of the child. In an affirmation in support of the motion, the AFC asserted that the father had "embarked on a social media/public campaign" with respect to the instant proceedings, and that the father had posted the child's image, name, and allegations regarding the mother and the mother's family members in various public forums. The father failed to oppose the AFC's motion, and failed to appear on the return date of the motion. In an order dated December 3, 2021, the Family Court, inter alia, granted the AFC's motion upon the father's default.
In January 2022, the Family Court held a hearing on the mother's petitions. Although [*2]the father failed to appear at the hearing, the father's attorney participated in the hearing by making objections and cross-examining the mother. In an order dated February 2, 2022, the Family Court, in effect, granted the mother's custody petition and awarded her sole legal and physical custody of the child. The order, inter alia, prohibited the father from "posting, uploading blogs, and displaying the likeness of the child . . . regarding these proceedings and disparaging the child's relatives in any and all public forums and/or social media platforms," and directed the father to erase, deactivate, and delete "any existing blogs and likenesses." The father appeals.
Initially, contrary to the contention of the mother and the AFC, the order appealed from was not entered upon the father's default. Although the father failed to appear in person at the hearing, his counsel appeared on his behalf and participated in the hearing (see Matter of N. [Fania D.-Alice T.], 108 AD3d 551, 552; Matter of Newman v Newman, 72 AD3d 973, 973).
"A prior restraint on speech is a law, regulation or judicial order that suppresses speech on the basis of the speech's content and in advance of its actual expression" (Karantinidis v Karantinidis, 186 AD3d 1502, 1503). A party seeking to impose such a restraint bears a "heavy burden of demonstrating justification for its imposition" (Ash v Board of Mgrs. of the 155 Condominium, 44 AD3d 324, 325). Such party must demonstrate that the speech sought to be restrained is "'likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest'" (Rosenberg Diamond Dev. Corp. v Appel, 290 AD2d 239, 239, quoting Terminiello v Chicago, 337 US 1, 4). An order imposing a prior restraint on speech "must be tailored as precisely as possible to the exact needs of the case" (Karantinidis v Karantinidis, 186 AD3d at 1503).
Here, that portion of the order which directed the father to erase, deactivate, and delete "any existing blogs and likenesses" was "not tailored as precisely as possible to the exact needs of the case" (id. at 1503). Specifically, this restriction required the father to delete "any existing blogs and likenesses," regardless of whether the blogs or likenesses relate to the child, the mother, the mother's family, or the instant proceedings.
However, we reject the father's contention that the order's remaining restrictions on his ability to post blogs, display the likeness of the child, and disparage the child's relatives, were constitutionally impermissible. Under the circumstances, the prior restraint was narrowly tailored to the exact needs of the case (see Kassenoff v Kassenoff, _____ AD3d _____, 2023 NY Slip Op 00850 [2d Dept]; Matter of Brown v Simon, 195 AD3d 806; Matter of Adams v Tersillo, 245 AD2d 446).
The father's remaining contention is without merit.
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court