Matter of Cohen v Escabar (2023 NY Slip Op 04313)

Matter of Cohen v Escabar

2023 NY Slip Op 04313

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-05480
 (Docket No. O-2254-21)

[*1]In the Matter of Jamie Cohen, respondent,
v
Louis Escabar, appellant.

Glenn Gucciardo, Northport, NY, for appellant.
Michael J. Miller, Miller Place, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Louis Escabar appeals from an order of protection of the Family Court, Suffolk County (Paul M. Hensley, J.), dated June 28, 2021. The order of protection, upon a finding that Louis Escabar committed a family offense, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner for a period up to and including June 28, 2023.
ORDERED that the order of protection is reversed, on the law, without costs or disbursements, the finding that the appellant committed a family offense is vacated, and the proceeding is dismissed.
Jamie Cohen commenced this family offense proceeding against her ex-boyfriend, Louis Escabar, in 2021. At the time, Cohen was 16 years old and Escabar was 17 years old. The Family Court held a fact-finding hearing. Escabar did not appear for the hearing, but his attorney participated in his absence. Following the hearing, the court found that Cohen had established that Escabar committed a family offense. The court issued an order of protection, from which Escabar appeals.
Initially, as Escabar correctly contends, and Cohen concedes, the order of protection was not entered upon Escabar's default. Although Escabar failed to appear at the hearing, his counsel appeared on his behalf and participated in the hearing (see Matter of Walsh v Russell, 214 AD3d 890, 892).
The doctrine of capacity "concerns a litigant's power to appear and bring its grievance [*2]before the court" (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 155; see Town of Claverack v Brew, 277 AD2d 807, 808). "Capacity, or the lack thereof, sometimes depends purely upon a litigant's status" (Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d at 155). "A natural person's status as an infant, an adjudicated incompetent or, formerly, a felony prisoner, for example, could disqualify that individual from seeking relief in court" (id.).
An "infant" is "a person who has not attained the age of eighteen years" (CPLR 105[j]; see Family Ct Act § 119[c]). "Unless the court appoints a guardian ad litem, an infant shall appear by the guardian of his [or her] property or, if there is no such guardian, by a parent having legal custody, or, if there is no such parent, by another person or agency having legal custody, or, if the infant is married, by an adult spouse residing with the infant" (CPLR 1201).
Here, Escabar correctly contends that he lacked the capacity to appear before the Family Court, rendering the proceeding void. Escabar, who was 17 years old when Cohen commenced this proceeding, was an infant (see id. § 105[j]; Family Ct Act § 119[c]). As an infant, he could only appear by a parent or guardian as set forth in CPLR 1201, and he lacked the capacity to appear on his own behalf (see id.; Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d at 155). Neither the presence of Escabar's mother in court, nor the assignment of counsel, was sufficient to satisfy CPLR 1201. Although Escabar's mother was present at a prehearing court date, the court expressly prohibited her from appearing on Escabar's behalf. Counsel's representation of Escabar contravened CPLR 321 and 1201, and it therefore had "no legal effect" (Caruso v Caputo, 143 AD2d 795, 796; see CPLR 321[a]; 1201). Thus, Escabar lacked capacity to appear before the Family Court (see CPLR 1201), and his lack of capacity rendered the proceeding and the order of protection entered therein void (see Sarfaty v Sarfaty, 83 AD2d 748, 749; State Bank of Albany v Murray, 27 AD2d 627, 628). Accordingly, we must reverse the order of protection, vacate the fact-finding determination, and dismiss the proceeding.
In light of the foregoing, we need not consider Escabar's remaining contentions.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court