Borchkhadze v McMahon (2025 NY Slip Op 01077)

Borchkhadze v McMahon

2025 NY Slip Op 01077

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02409
 (Index No. 500680/20)

[*1]Nino Borchkhadze, appellant,
v
Drew M. McMahon, et al., respondents, et al., defendant.

William Pager, Brooklyn, NY, for appellant.
Leahey & Johnson, P.C., New York, NY (Peter James Johnson, Joanne Filiberti, Michael G. Dempsey, Gabriel M. Krausman, and Christopher Delamere Clarke of counsel), for respondents and defendant Dow Jones & Company, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated January 30, 2023. The order, insofar as appealed from, found that the defendants Drew M. McMahon, Ryder Truck Rental, Inc., and NYP Holdings, Inc., were not precluded from presenting evidence at trial by a prior order of the same court (Lawrence Knipel, J.) dated March 10, 2021, and, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike those defendants' answer.
ORDERED that the appeal from so much of the order dated January 30, 2023, as found that the defendants Drew M. McMahon, Ryder Truck Rental, Inc., and NYP Holdings, Inc., were not precluded from presenting evidence at trial by the order dated March 10, 2021, is dismissed; and it is further,
ORDERED that the order dated January 30, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendants Drew M. McMahon, Ryder Truck Rental, Inc. (hereinafter Ryder Truck Rental), and NYP Holdings, Inc. (hereinafter collectively the defendants).
In an order dated March 10, 2021 (hereinafter the March 2021 order), the Supreme Court, among other things, directed that McMahon and Ryder Truck Rental shall appear for depositions on or before June 8, 2021, and that failure to comply with the March 2021 order would result in the noncomplying party being precluded from offering any evidence. In an order dated March 8, 2022 (hereinafter the March 2022 order), the court granted the defendants' motion to vacate the March 2021 order to the extent of, inter alia, directing that "[p]arty depositions" shall be completed by May 12, 2022, and that failure to comply with the March 2022 order would result in [*2]the noncomplying party being precluded from offering any evidence. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendants' answer based upon, among other grounds, the failure of McMahon and Ryder Truck Rental to appear for depositions by June 8, 2021, in accordance with the March 2021 order. In an order dated January 30, 2023 (hereinafter the January 2023 order), the court, inter alia, found that the defendants were not precluded from presenting evidence at trial by the March 2021 order because "[p]reclusion language" from that order was "not in effect" and, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer. The plaintiff appeals.
Contrary to the plaintiff's contention, the January 2023 order did not vacate the portions of the March 2021 order directing that McMahon and Ryder Truck Rental shall appear for depositions on or before June 8, 2021, and that failure to comply therewith would result in the noncomplying party being precluded from offering any evidence. Rather, those portions of the March 2021 order were superseded by the March 2022 order, which directed that "[p]arty depositions" shall be completed by May 12, 2022, and that failure to comply therewith would result in the noncomplying party being precluded from offering any evidence. Thus, in the January 2023 order, the Supreme Court found that, contrary to the plaintiff's contention, the defendants were not precluded from presenting evidence at trial by the March 2021 order and that the portions of the March 2021 order directing that noncomplying parties would be precluded from offering any evidence if they failed to appear for depositions on or before June 8, 2021, were "not in effect." Moreover, the appeal from so much of the January 2023 order as found that the defendants were not precluded from presenting evidence at trial by the March 2021 order must be dismissed, as findings of fact that do not grant or deny relief are not independently appealable (see Wunderlich v Liberty Meadows, LLC, 189 AD3d 1676, 1678).
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126; see Cyngiel v Krigsman, 224 AD3d 875, 877). "Before a court invokes the drastic remedy of precluding a party from offering evidence at trial, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Cyngiel v Krigsman, 224 AD3d at 878 [internal quotation marks omitted]). Here, the plaintiff failed to make a clear showing that the defendants willfully or contumaciously disobeyed a discovery order or acted in bad faith (see Finely v ZSN, LLC, 221 AD3d 970, 971; Rojas v Hazzard, 171 AD3d 819, 820). Accordingly, the Supreme Court providently exercised its discretion by, in effect, denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court