Doe v Eliyas (2025 NY Slip Op 04876)

Doe v Eliyas

2025 NY Slip Op 04876

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-02828
2023-08242
 (Index No. 611196/21)

[*1]Axios Doe, et al., respondents, 
v
George Eliyas, et al., appellants.

Wurzel Law Group, PLLC, Floral Park, NY (Glenn J. Wurzel of counsel), for appellants.
Matthew Rothstein, Port Washington, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal (1) from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered December 20, 2022, and (2) from an order of the same court dated June 12, 2023. The order entered December 20, 2022, insofar as appealed from, granted the plaintiffs' motion to continue to prosecute this action using pseudonyms and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action and denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the second amended complaint. The order dated June 12, 2023, denied the defendants' motion for leave to reargue and renew their opposition to the plaintiffs' motion to continue to prosecute this action using pseudonyms and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action and their motion pursuant to CPLR 3211(a) to dismiss the second amended complaint.
ORDERED that the appeal from so much of the order dated June 12, 2023, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered December 20, 2022, is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiffs' motion which was for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging defamation as were based upon the statements alleged in paragraphs 171, 179, 259, 266, 274, 282, 290, 300, 309, 319, 328, 337, 347, 357, 368, 400, 418, 428, 444, 454, and 522(D) of the second amended complaint, and substituting therefor a provision granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging intentional infliction of emotional distress, and substituting therefor a [*2]provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated June 12, 2023, is affirmed insofar as reviewed, without costs or disbursements.
In August 2021, the plaintiffs, a priest and members of a board of trustees of a church, commenced this action to recover damages for defamation and intentional infliction of emotional distress. The complaint was subsequently amended twice. The plaintiffs alleged that the defendants, who were members of the church's congregation, posted multiple defamatory messages in a WhatsApp group chat and on Facebook. Thereafter, the plaintiffs moved to prosecute this action using pseudonyms and for a temporary retraining order, inter alia, in effect, directing the defendants not to defame the plaintiffs. In two orders entered August 31, 2021, and dated September 2, 2021, respectively, the Supreme Court granted the plaintiffs' motion and issued a temporary restraining order to the extent of directing the defendants not to defame the plaintiffs (hereinafter the 2021 TRO). Thereafter, the plaintiffs alleged that, in December 2021, the defendants posted two defamatory messages in the WhatsApp group chat in violation of the 2021 TRO.
After the 2021 TRO expired, the plaintiffs moved to extend the 2021 TRO, to continue to prosecute this action using pseudonyms, and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action. The defendants opposed the motion and moved pursuant to CPLR 3211(a) to dismiss the second amended complaint. In an order entered December 20, 2022, the Supreme Court, among other things, granted the plaintiffs' motion and denied the defendants' motion. In March 2023, the defendants moved for leave to reargue and renew their opposition to the plaintiffs' motion to extend the 2021 TRO, to continue to prosecute this action using pseudonyms, and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action, and their motion pursuant to CPLR 3211(a) to dismiss the second amended complaint. In an order dated June 12, 2023, the Supreme Court denied the defendants' motion. The defendants appeal from the order entered December 20, 2022, and the order dated June 12, 2023.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][2], [3]). Here, the defendants failed to demonstrate new facts in support of that branch of their motion which was for leave to renew their opposition to the plaintiffs' motion to extend the 2021 TRO, to continue to prosecute this action using pseudonyms, and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action and their motion pursuant to CPLR 3211(a) to dismiss the second amended complaint that would have changed the Supreme Court's prior determination (see Aloi v Tobal, 236 AD3d 618, 620; Harway Terrace, Inc. v Shlivko, 220 AD3d 927, 928). The defendants also failed to provide a reasonable justification for their failure to present the allegedly new facts in opposition to the plaintiffs' motion or in support of their motion (see Aloi v Tobal, 236 AD3d at 620; Mees v Buiter, 186 AD3d 1673, 1674). Accordingly, the court properly denied that branch of the defendants' motion which was for leave to renew their opposition to the plaintiffs' motion to extend the 2021 TRO, to continue to prosecute this action using pseudonyms, and for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action and their motion pursuant to CPLR 3211(a) to dismiss the second amended complaint.
"'In determining whether to grant a plaintiff's request to proceed anonymously, the court must use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any potential prejudice to defendant'" (Roe v Harborfields Cent. Sch. Dist., 212 AD3d 853, 855 [internal quotation marks omitted], quoting PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d 9, 12; see Twersky v Yeshiva Univ., 201 AD3d 559, 559-560; Anonymous v Lerner, [*3]124 AD3d 487, 487). "'Among the factors the court should consider are 1) whether the plaintiff is challenging governmental activity or an individual's actions, 2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, 3) whether identification would put the plaintiff [or innocent third-parties] at risk of suffering physical or mental injury, 4) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, and 5) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system'" (Doe v Khandker, 221 AD3d 782, 782-783, quoting Roe v Harborfields Cent. Sch. Dist., 212 AD3d at 855; see PB-7 Doe v Amherst Cent. Sch. Dist., 196 AD3d at 13).
Applying those factors here, we conclude that the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was to prosecute this action using pseudonyms. In support of that branch of the plaintiffs' motion, the priest submitted an affidavit averring, inter alia, that the defendants' statements exposed him to significant condemnation from his religious community. Although the remaining plaintiffs did not submit affidavits, the association between the priest and the other plaintiffs would make the priest's identity readily discoverable were the motion denied with regard to the other plaintiffs. Moreover, the identities of the plaintiffs are known to the defendants, as the second amended complaint identifies the plaintiffs' official roles within the church, and the defendants identify no prejudice or reason that the public must be made aware of the plaintiffs' identities (see Doe v Khandker, 221 AD3d at 783; Roe v Harborfields Cent. Sch. Dist., 212 AD3d at 856).
However, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for a temporary restraining order prohibiting the defendants from disclosing the plaintiffs' identities to third parties, sharing any statements or documents regarding the instant action, or discussing the instant action. "A prior restraint on speech is a law, regulation or judicial order that suppresses speech on the basis of the speech's content and in advance of its actual expression" (Karantinidis v Karantinidis, 186 AD3d 1502, 1503; see Porco v Lifetime Entertainment Servs., LLC, 116 AD3d 1264, 1265). "Any imposition of prior restraint, whatever the form, bears a 'heavy presumption against its constitutional validity, and a party seeking to obtain such a restraint bears a correspondingly heavy burden of demonstrating justification for its imposition'" (Karantinidis v Karantinidis, 186 AD3d at 1503, quoting Ash v Board of Mgrs. of the 155 Condominium, 44 AD3d 324, 325). An injunction issued in the area of First Amendment rights under the United States Constitution "must be tailored as precisely as possible to the exact needs of the case" (id.; see Carroll v President and Comm'rs of Princess Anne, 393 US 175, 183). Here, the Supreme Court's temporary restraining order was overbroad, such that it prevented the defendants from discussing the instant action with third-party witnesses or disclosing the plaintiffs' names for investigative purposes (see Karantinidis v Karantinidis, 186 AD3d at 1503-1504).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Tsamasiros v Jones, 232 AD3d 816, 817; see Sternberg v Wiederman, 225 AD3d 820, 821). "'Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate'" (Whelan v Cuomo, 220 AD3d 979, 980 [internal quotation marks omitted], quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"'The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (Tsamasiros v Jones, 232 AD3d at 817-818, quoting Greenberg v Spitzer, 155 AD3d 27, 41). "CPLR 3016(a) provides that, '[i]n an action for libel or slander, the particular words complained [*4]of shall be set forth in the complaint'" (id. at 818). "In determining the sufficiency of a defamation pleading, we consider 'whether the contested statements are reasonably susceptible of a defamatory connotation'" (Davis v Boeheim, 24 NY3d 262, 268, quoting Armstrong v Simon & Schuster, 85 NY2d 373, 380).
Here, the plaintiffs complied with CPLR 2101(b) and 3016(a) by filing the second amended complaint, which contained a translation of the allegedly defamatory statements and was accompanied by a certification of translation accuracy. However, insofar as the second amended complaint alleged in paragraph 319 that a defamatory statement was made consisting of images and videos, the plaintiffs failed to comply with CPLR 3016(a), because the images were not embedded in the second amended complaint or in an accompanying exhibit (see Abakporo v Daily News, 102 AD3d 815, 816-817). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging defamation as was based on the statement alleged in paragraph 319 of the second amended complaint.
The defendants contend that the allegedly defamatory statements were not actionable because they constituted pure opinion. "'Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action'" (Whelan v Cuomo, 220 AD3d at 980, quoting Bowen v Van Bramer, 205 AD3d 674, 675). "Accordingly, '[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Tsamasiros v Jones, 232 AD3d at 818, quoting Kasavana v Vela, 172 AD3d 1042, 1045). "'[A]ccusations of criminality [can] be regarded as mere hypothesis and therefore not actionable if the facts on which they are based are fully and accurately set forth'" (Bowen v Van Bramer, 205 AD3d at 676, quoting Gross v New York Times Co., 82 NY2d 146, 155; see Kasavana v Vela, 172 AD3d at 1047). "'In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers [or listeners] that the statement is likely to be opinion, not fact'" (Greenberg v Spitzer, 155 AD3d at 42, quoting Silverman v Daily News, L.P., 129 AD3d 1054, 1055).
Here, the allegedly defamatory statements set forth in paragraphs 171, 179, 259, 266, 274, 282, 290, 300, 309, 328, 337, 347, 357, 368, 400, 418, 428, 444, 454, and 522(D) of the second amended complaint constituted nonactionable opinion (see Whelan v Cuomo, 220 AD3d at 981; Stolatis v Hernandez, 161 AD3d 1207, 1208-1209; Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d 916, 918; Holliswood Owners Corp. v Rivera, 145 AD3d 968, 969).
However, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the remainder of the allegedly defamatory statements set forth in the second amended complaint. "Even if a reader could interpret those statements as pure opinion, 'taking the words in their ordinary meaning and in context, [they are] also susceptible to a defamatory connotation'" (Trump Vil. Section 4, Inc. v Bezvoleva, 161 AD3d at 918, quoting Davis v Boeheim, 24 NY3d at 272).
Furthermore, the defendants' contention that the allegedly defamatory statements were subject to a qualified privilege is without merit. The plaintiffs pleaded sufficient facts to demonstrate malice (see Liberman v Gelstein, 80 NY2d 429, 437; Porges v Weitz, 205 AD3d 13, 18-19), and the defendants' evidentiary submissions were insufficient to conclusively establish that they did not speak with malice, as the defendants' evidentiary submissions were either not documentary evidence within the meaning of CPLR 3211(a)(1) (see Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953, 954) or irrelevant to this issue.
"'The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress'" (Davydov v Youssefi, 205 AD3d 881, 883, quoting Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). "While [*5]a deliberate and malicious campaign of harassment or intimidation may, under certain circumstances, be sufficient to meet that rigorous standard, the conduct must consist of more than mere insults, threats, annoyances, or indignities" (Ratto v Oliva, 195 AD3d 870, 873 [citation omitted]; see Ajie Chen v Deliso, 169 AD3d 761, 762; Eves v Ray, 42 AD3d 481, 482-483). Here, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging intentional infliction of emotional distress. Accepting as true the allegations in the second amended complaint that the defendants posted defamatory messages about the plaintiffs in a WhatsApp group chat for a period of several months, disrupted mass at the church on one occasion, and posted a video taken of the disruption on Facebook, the alleged conduct was not "'so outrageous in character, and so extreme in degree as to qualify as intentional infliction of emotional distress'" (Davydov v Youssefi, 205 AD3d at 883 [internal quotation marks omitted], quoting Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711; see Joo Tae Yoo v Choi, 210 AD3d 1062, 1064).
The Supreme Court properly determined that the defendants were not entitled to dismissal pursuant to CPLR 3211(a)(2). As the remainder of the allegedly defamatory statements identified were susceptible to a defamatory connotation, the statements were not protected by the First Amendment of the United States Constitution (see Counterman v Colorado, 600 US 66, 73; Gertz v Robert Welch, Inc., 418 US 323, 340). Furthermore, because the allegedly defamatory statements may be evaluated without reference to religious principles (see Laguerre v Maurice, 192 AD3d 44, 48), the court may "'properly preside over a dispute involving a religious body'" (New Hope Christian Church, Inc. v Parks, 236 AD3d 669, 670, quoting Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d 1036, 1037).
The Supreme Court also properly determined that the defendants were not entitled to dismissal pursuant to CPLR 3211(a)(11). "'Not-For-Profit Corporation Law § 720-a confers a qualified immunity on uncompensated directors, officers, and trustees of certain not-for-profit corporations'" (Kamchi v Weissman, 125 AD3d 142, 160, quoting Samide v Roman Catholic Diocese of Brooklyn, 5 AD3d 463, 465). "On a defendant's motion pursuant to CPLR 3211(a)(11) to dismiss a complaint premised on the qualified immunity conferred by N-PCL 720-a, the court must first determine whether the defendant is entitled to the benefit of N-PCL 720-a immunity" (id.; see CPLR 3211[a][11]). "If so, the court must then determine 'whether there is a reasonable probability that the specific conduct of such defendant alleged constitutes gross negligence or was intended to cause the resulting harm'" (Kamchi v Weissman, 125 AD3d at 160, quoting CPLR 3211[a][11]). Here, the defendants have not submitted any evidence that they are either current members of the church's board of trustees or "[k]ey person[s]" within the meaning of Not-for-Profit Corporation Law § 102(a)(25). In any event, the plaintiffs submitted sufficient evidence to demonstrate that there is a reasonable probability that the specific conduct alleged constituted gross negligence or was intended to cause the resulting harm (see Laguerre v Maurice, 192 AD3d at 49-50).
To the extent that the defendants seek to appeal from so much of the order entered December 20, 2022, as made determinations of fact or comments regarding the weight of the evidence, "'[m]erely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal'" (Wunderlich v Liberty Meadows, LLC, 189 AD3d 1676, 1678 [internal quotation marks omitted], quoting Cholowsky v Civiletti, 69 AD3d 110, 116; see Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781). "Moreover, 'findings of fact and conclusions of law which do not grant or deny relief are not independently appealable'" (Wunderlich v Liberty Meadows, LLC, 189 AD3d at 1678, quoting Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801; see Borchkhadze v McMahon, 235 AD3d 944, 945).
The defendants' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court